UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

EUGENE BUTLER,
           Plaintiff,

v.        07-3070

WALKER, GARNET, GROUNDS,
K. ROUSEY, TICERS, M.A. BROWN,
SCHULER, FOUTCH, WYDECK,
TERRI CHAPMAN, VENTURES J. JACKSON,
ROY BRADFORD and HILLIOUD,
           Defendants.

MEMORANDUM OPINION AND ORDER

     On August 23, 2007, this court entered an order [18] denying the defendants' motion to dismiss [7]. In their motion to dismiss, the defendants reminded the court that Plaintiff filed the instant complaint pursuant to 42 U.S.C. §1983 complaining of two disciplinary reports charging 403-disobeying a direct order and the subsequent discipline that were imposed when he refused to cut his hair that had been declared to be a security and safety threat. The plaintiff claims the discipline was in violation of his right to practice his religion.

     In the motion Defendant Walker asserted that Plaintiff's complaint should be dismissed for failure to state a claim upon which relief can be granted, as any claim regarding Plaintiff's dreadlocks would not be cognizable pursuant to by *Heck v. Humphrey* and *Edwards v. Balisok*. Walker argues that Plaintiff's constitutional claims regarding the discipline imposed on Plaintiff for his dreadlocks were barred by *Heck v. Humphrey* and *Edwards v. Balisok* because Plaintiff lost good time for disobeying a direct order to cut his dreadlocks and the discipline has not been overturned or vacated. A plaintiff may not bring an action under 42 U.S.C. §1983 for violations of his constitutional rights if, in order to prevail in that action, the validity of his conviction or sentence must be called into question. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). In order to proceed under Section 1983 for relief from harm caused by alleged violations of constitutional rights leading to wrongful conviction or imprisonment, a plaintiff must first show that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Id*. The rule announced in Heck v. Humphrey also applies to constitutional claims regarding prison disciplinary proceedings where an inmate loses good conduct credits. *See Edwards v. Balisok*, 520 U.S. 641 (1997). Claims for damages based on allegations that necessarily imply the invalidity of the revocation of good conduct

credits are not cognizable under Section 1983 unless the prison disciplinary decision has been invalidated. *See Edwards v. Balisok*, 520 U.S. 641 (1997).

In this case, Defendants assert that Plaintiff received two[1] disciplinary reports for his ongoing violation of 403-disobeying a direct order (refusal to cut dreadlocks). (See Plaintiff's Complaint [4] at pp. 8-9). Plaintiff lost one month of good conduct credits as a result of the disciplinary report dated October 31, 2006. (*Id.* at p.8). Plaintiff alleges that he refused to cut his dreadlocks because they are part of his cultural and religious practice. To the extent Plaintiff alleges that his constitutional rights were violated any time he was disciplined for refusing to cut his dreadlocks that would be inconsistent with the prison discipline imposed for the October 31, 2006-disciplinary report, which has not been invalidated. Defendants assert that it should not matter that Plaintiff did not lose any good time for the November 2, 2006 disciplinary report; it is enough that Plaintiff's allegations regarding either disciplinary report would call into question the validity of the October 31, 2006-disciplinary report.

In response to the motion to dismiss, Plaintiff filed two responses [16] and [18]. He does not make this assertion in his first response, filed on June 19, 2007, however, in his second response [18] filed two months later on August 16, 2007, the plaintiff asserted that the Director did not approve the revocation of 30 days good conduct credit. The court ruled on the pending dispositive motion [7], on August 23, 2007, without waiting for a reply by the Defendants (which is not allowed by the local rules). However, recently, after reviewing the records of this case so that it could consider the pending summary judgment motion [68], the court now realizes that the plaintiff's statement that the Director did not approve the revocation of his good conduct was not supported by any corroborating documents. In fact, a review of the Administrative Review Board's January 29, 2007 notes that the Plaintiff lost good conduct credit for the October 31, 2006 disciplinary ticket and Director, Roger Walker, via his designee (initials are TA) denied the plaintiff's grievance. Therefore, the Director concurred with the revocation of the good conduct credits. The January 29, 2007-letter was submitted by the Plaintiff. The court has throughly reviewed the records to find support for Plaintiff's assertion in his second response [18], but finds nothing in the record except Plaintiff's self-serving uncorroborated assertion.

As a result, this court reconsiders it previous order [18] and strikes it. Based on the record before this court, the court finds that the Plaintiff's claim is barred by *Heck v. Humphrey* and *Edwards v. Balisok* because Plaintiff lost good time for disobeying a direct order to cut his dreadlocks and the discipline has not been overturned or vacated. Further, Defendants are correct that it does not matter that Plaintiff did not lose any good time for the second disciplinary report because Plaintiff's allegations regarding either disciplinary report would call into question the validity of the October 31, 2006-disciplinary report.

Based on the foregoing:

---

[1] Plaintiff was given the first disciplinary ticket for refusing to cut his hair and the second ticket was issued because he continued to refused t cut his hair.

1. The clerk of the court is directed to strike the court's August 23, 2007 order, forthwith. Pursuant to *Heck v. Humphrey* and *Edwards v. Balisok*, Defendants' motion to dismiss [7] is granted. The clerk of the court is directed to terminate this lawsuit in its entirety. Any remaining motions [68] are rendered moot and this case is closed, with the parties to bear their own costs.
2. Although his lawsuit is dismissed, the plaintiff is still obligated to pay the filing fee in full. *See* 28 U.S.C.A. § 1915(b)(1). The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the trust fund office. Release from incarceration does not relieve the plaintiff's obligation to pay the filing fee in full. The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change.
3. If the plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.

Enter this 12th day of March 2010.

**s\Harold A. Baker**

_____
Harold A. Baker
United States District Judge